UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FARNSWORTH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 1:17-cv-0653-BAM<br><br>ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND |

**I.　INTRODUCTION**

Plaintiff Michelle Farnsworth ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act.[1] The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs as well as the entire record in this case, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order.

**II.　BACKGROUND**

Plaintiff applied for benefits on March 4, 2013, alleging disability beginning January 1, 1994, due to mental impairments. AR 253. Her application was denied initially and on reconsideration. AR 78, 94. On November 5, 2015, a hearing was held before Administrative Law Judge ("ALJ") Vincent Misenti. AR 40-62. Plaintiff appeared and testified along with her attorney.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge for all purposes. *See* 28 U.S.C. § 636(c); (Docs. 8, 10).

1

AR 40. The ALJ also heard testimony from an independent vocational expert ("VE"). AR 58.

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 4, 2013, the application date. AR 26. The ALJ identified: affective and anxiety disorders as severe impairments. AR 26. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 26.

Based on his review of the entire record, the ALJ found that Plaintiff had the following residual functional capacity (RFC):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, routine, repetitive tasks and she is not able to perform at a production rate pace, but she can perform goal oriented work. She is limited to simple work-related decisions and occasional interaction with supervisors, coworkers, and the public.

AR 27.

Applying this RFC, the ALJ found that although Plaintiff had no past relevant work, based on her age (30 years old), limited education, and RFC, there were jobs existing in significant numbers in the national economy that she could perform. AR 31.

## III. LEGAL STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

In two related issues, Plaintiff contends that the ALJ erred by failing to account for her moderate mental limitations in the RFC assessment and subsequent hypothetical questions to the vocational expert. (Doc. 15 at 10-16.) More specifically, Plaintiff argues the formulation of her RFC is not based on substantial evidence because the ALJ failed to properly weigh the medical

evidence.

   A.   **The ALJ Erred in Evaluating the Medical Evidence**

      i.   **Legal Standard**

In the Ninth Circuit, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended (Apr. 9, 1996)). "A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a nonexamining physician." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). And "even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830 (internal citations omitted). Likewise, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31.

"The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (internal citation omitted). Ultimately, "the ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).

"When an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it,

asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (internal citation omitted). In conducting its review, the ALJ "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 388 F.3d 1144, 1159 (9th Cir. 2012) (internal citations omitted). "An ALJ may not cherry-pick and rely on portions of the medical record which bolster his findings." *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207–08 (9th Cir. 2001) (holding that an ALJ may not selectively rely on some entries and ignore others "that indicate continued, severe impairment"). "Particularly in a case where the medical opinions of the physicians differ so markedly from the ALJ's[,]" "it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Embrey*, 849 F.2d at 422.

### ii. Mental Impairment Opinions

<u>Marriage and Family Therapist – Alison Acton</u>

On March 14, 2013, Alison Acton, a licensed marriage and family therapist ("LMFT") completed a mental capacity assessment. AR 704-706. Therapist Acton noted that Plaintiff "carries diagnoses of bipolar I disorder, depression, post-traumatic stress disorder ("PTSD"), postpartum depression and generalized anxiety disorder." AR 704. Plaintiff has difficulty maintaining relationships and despite a history of cannabis use, she has been sober from cannabis since December 4, 2012. AR 706.

Based on Plaintiff's symptoms, Therapist Acton opined that Plaintiff has slight limitations in her ability to remember locations and work procedures and a slight limitation in her ability to understand and remember very short and simple instructions. Plaintiff, however, has no limitation in her ability to understand and remember detailed instructions. AR 704. With respect to sustained concentration and persistence, Therapist Acton opined that Plaintiff has no limitations in her ability to carry out detailed instructions, maintain concentration for an extended period of time, and sustain an ordinary routine without supervision. Plaintiff, however, has a slight limitation in her ability to carry out very short instructions and a moderate limitation in her ability to maintain regular

4

attendance and adapt to the workplace. AR 704.

Therapist Acton opines that based on her impairments, Plaintiff is likely to miss an average of three work days a month, Plaintiff, however, has no limitations in her ability to complete a normal workday and a normal workweek. AR 705.

<u>Psychological Consultative Examining Opinion</u>

On October 4, 2013, Plaintiff underwent a psychological consultative examination with Michael Barnett, M.D. ("CE Barnett"). AR 642-44. Plaintiff arrived to the examination sloppily dressed and poorly groomed. AR 642. CE Barnett noted that her answers to the questions gave an appearance of a low educational level. AR 642. Plaintiff reported that she is able to dress and bathe and do laundry, but she does not cook and rarely leaves the house. AR 642. On examination, Plaintiff was in no acute distress, her mood was depressed and her affect was blunted. AR 643. She was unable to perform serial threes. AR 643. She knew the current president, but could not list past presidents. AR 643. She did not know what states border California. AR 643. She counted using her fingers. AR 643.

CE Barnett diagnosed Plaintiff with bipolar disorder, PTSD, alcohol abuse in remission, personality disorder, history of physical and sexual abuse, unsuccessful psychiatric treatment, and a GAF score of 56. AR 643. CE Barnett stated that "it was difficult for him to believe that Plaintiff would be able to function as a parent." AR 644. Additionally, he opined that Plaintiff would have a very difficult time in the workplace due to her mood swings. AR 644. He opined that she has psychiatric symptoms that would interfere with her ability to do work-related tasks in an eight-hour workday. AR 644. CE Barnett further opined that Plaintiff would have difficulty understanding and remembering simple or complex work-related instructions and tasks. AR 644. Plaintiff would be unable to sustain focused attention and concentration long enough to complete routine work-related tasks in a timely and appropriate manner without special/additional supervision. AR 644. He also opined that she would be unable to interact independently, appropriately, and effectively with coworkers, supervisors, and the public. AR 644. Finally, CE Barnett opined Plaintiff would have difficulty adapting to changes, hazards, or stressors in the work environment. AR 644. Her prognosis was guarded to poor. He concluded that Plaintiff would benefit from psychiatric

treatment but her access to it and motivation to seek it out may be limited. AR 644.

Non-Examining State Agency Psychological Consultants

On October 18, 2013, D. Funkenstein, M.D., a non-examining state agency psychological consultant reviewed Plaintiff's medical records and found that Plaintiff's affective disorders and anxiety disorders were severe impairments. AR 71. Dr. Funkenstein found Plaintiff had a mild restriction of activities of daily living, and moderate difficulties in maintaining social functioning and concentration, persistence, or pace. AR 71. Specifically, Dr. Funkenstein found that Plaintiff was moderately limited in her ability to understand and remember detailed instructions. AR 73. She was moderately limited in her ability to (1) carry out detailed instructions, (2) maintain attention and concentration for an extended period, (3) maintain a regular attendance and perform activities within a schedule (4) be punctual within customary tolerances, and (5) complete a normal workday/workweek without interruptions from psychologically based symptoms. AR 73-74. Dr. Funkenstein further opined that Plaintiff was moderately limited in her ability to appropriately interact with the general public, ability to accept instructions and respond appropriately to criticism from supervisors, and her ability to respond appropriately to changes in the work setting.

These findings were affirmed on reconsideration by H. Amado, MD, on February 7, 2014. AR 88-91.

### iii. The ALJ's Treatment of the Consultative Psychologist's Opinion

Here, the ALJ did not give great weight to any one medical opinion. Rather, the ALJ considered all of the relevant medical opinions when establishing Plaintiff's RFC. In evaluating CE Barnett's opinion, the ALJ gave the opinion "little weight" as follows:

> The undersigned gives this opinion little weight, as the claimant is able to care for her four young children, and she has been stable on her medications. The record indicates that she spends time with family regularly. She was able to name the current and past presidents at an examination two month prior to this one. The undersigned finds that the claimant is not as limited as Dr. Barnett opines.

AR 31.

A review of the record reveals that the ALJ committed several errors with respect to the weighing CE Barnett's opinion. First, the record does not support the ALJ's contention that Plaintiff is "able to care for her four young children." AR 31. Tulare County mental health records

6

establish that Plaintiff lost custody of her children in December 2012 after her neighbors reported her to "Child Welfare" because of her behavior and a subsequent positive drug test for marijuana. AR 365. Plaintiff did not regain custody of her children until June 2013. AR 29. Despite regaining custody of her children four months prior to her consultative examination, CE Barnett expressed alarming concern about Plaintiff's ability to function as a parent. The ALJ's statement that Plaintiff takes care of her four children is not a meaningful assessment on Plaintiff's ability to function. Before losing custody, Plaintiff was caring "for her four young children," but obviously in a manner found neglectful and deficient by Child Welfare Services. Thus, the ALJ's reliance on Plaintiff's custody of her children sheds no light on the perceived problems with CE Barnett's conclusion regarding the impact of Plaintiff's mental impairments on her functioning.

Second, the ALJ failed to explain his finding that CE Barnett's opinion is entitled to less weight because Plaintiff was "able to name the current and past presidents at an examination two months prior." AR 31. The ALJ did not provide any rationale for why this is a legitimate reason to discount CE Barnett's opinion. Indeed, the ALJ's focus on tangentially-related evidence strongly suggests that the examining physician's opinion was not given the deference that it was owed. *Garrison*, 759 F.3d at 1012. Perhaps the ALJ intended his statement as a remark on Plaintiff's truthfulness in her examination with CE Barnett. There is however nothing in the record to suggest that Plaintiff is malingering or exaggerating her symptoms. On the other hand, it is possible that the ALJ believes that Plaintiff's ability to identify the current and past president is an indicator of her ability to function in light of her psychiatric and anxiety disorders. Whatever the explanation, the ALJ failed to satisfactorily explain how Plaintiff's ability to name two presidents provided a legitimate reason to reject the consultant's evaluation of Plaintiff's mental health impairments.

Finally, the ALJ rejected CE Barnett's limits on Plaintiff's social interaction because she "spends time with family regularly." AR 31. Based on the evidence, this was not a specific or legitimate reason to reject Plaintiff's social interaction limitations. Even the agency physicians, upon whom the ALJ placed "partial weight," agreed with CE Barnett that Plaintiff needed limitations on public contact. CE Barnett opined that Plaintiff is unable to interact with others, and the reviewing physicians limited Plaintiff to no public contact. The ALJ failed to explain why the

7

time she spent with family supersedes the evidence from two medical sources that Plaintiff is unable to interact with the public. Further, as Plaintiff notes "her time spent with family" resulted in losing custody of her children. The child welfare report notes that Plaintiff's children were removed from her custody because of the erratic behaviors she demonstrated at her mental health assessment at the Child Welfare Services Office. AR 708. On that day, Plaintiff yelled and cursed at her children, she grabbed her son by his arm calling him "fucking retarded" and she yelled at the lead social worker calling her a "fucking Mexican." AR 708. The record also indicates, as the ALJ acknowledged, that Plaintiff's husband "triggers her panic attacks" and "she has a difficult time with friends." AR 29. Contrary, to the ALJ's assertion, there appears to be very little evidence in the record to suggest that Plaintiff's interaction with family suggests that she is able to successfully interact with co-workers or the public.

The evaluation of CE Barnett's opinion is not supported by substantial evidence.

### iv. The ALJ's Treatment of Therapist Acton's Opinion

Plaintiff next contends that in formulating her RFC, the ALJ failed to weigh the correct factors when favoring the opinion of Therapist Acton over Dr. Barnett's examining opinion. Plaintiff argues that Therapist Acton is not considered an acceptable medical source under 20 C.F.R. § 416.913.3. Instead, Therapist Acton is considered to be an 'other source." 20 C.F.R. § 416.913(d)(1) (listing medical sources that are considered other sources, including nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists). According to Plaintiff, the opinions of therapists are not entitled to special weight and should be evaluated using factors including: (1) examining relationship; (2) length of treatment relationship and frequency of examination; (3) supportability of opinion; (4) consistency with the record; (5) specialization; and (6) other factors supporting or contradicting the opinion. 20 C.F.R. § 416.927 (c) and (f)(1).

While not given full weight, the ALJ appeared to give the most weight to Therapist Acton's mental capacity assessment with the following sentence: "The undersigned gives this opinion some weight, but gives little weight to the portion that speculates on the claimant's likely absenteeism from work." AR 31. No further explanation is given with respect to Therapist Acton's opinion.

8

The ALJ's evaluation of Therapist Acton's opinion is particularly troubling for at least three reasons. First, Plaintiff is correct in her argument that the ALJ failed to consider the relevant factors when analyzing Therapist Acton's opinion. Moreover, had the ALJ used the correct analysis he would necessarily find that there is no evidence of a treatment relationship or any other mitigating factor to justify the weight given to Therapist Acton's opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.") The record is unclear as to whether Therapist Acton actually examined Plaintiff on a one-time basis, or whether Therapist Acton simply reviewed Plaintiff's medical records in making her assessment. The mental capacity assessment questionnaire is the only evidence in the record provided by Therapist Acton. AR 704-706. There is no treatment history or even evidence to suggest that Therapist Acton performed an in-person examination. At best, Therapist Acton saw Plaintiff on one occasion before submitting her other source opinion. The lack of treatment relationship and frequency of examination therefore undermines the ALJ's reliance on Therapist Acton's opinion. *See Pierce v. Colvin*, 2014 U.S. Dist. LEXIS 71325, 2014 WL 2159388, at *2 (C.D. Cal. May 23, 2014) (stating that "[e]ven when not entitled to controlling weight…'medical opinions are still entitled to deference and must be weighed'" in light of "(1) the length of the treatment relationship; (2) the frequency of examination; (3) the nature and extent of the treatment relationship; (4) the supportability of the diagnosis; (5) consistency with other evidence in the record; and (6) the area of specialization.").

Second, the ALJ weighed Therapist Acton's opinion by cherry-picking her more favorable findings over her more limiting findings with respect to Plaintiff's condition. This was improper. *See Diedrich v. Berryhill*, 874 F.3d 634 (9th Cir. 2017) ("It was improper for the ALJ to discount Diedrich's testimony by "cherry pick[ing]" the absence of certain symptoms from this report."); *Williams v. Colvin*, No. ED CV 14–2146–PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) ("An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination") (internal citation omitted). The ALJ's finding that he was entitled to ignore portions of Therapist Acton's

opinion because she "speculates on the claimant's absenteeism from work" is unpersuasive. Any consideration of future absenteeism is inherently speculative. Therapist Acton was tasked with assessing Plaintiff's mental impairments—she cannot necessarily know that Plaintiff will miss three or more days of work per month, but she can prognosticate that she may, based on her examination and/or review of the medical evidence.

Finally, Therapist Acton's opinion is internally inconsistent and unsupported by any objective evidence of record. With respect to "Understanding & Memory," Therapist Acton opines that while Plaintiff is slightly limited in her ability to "understand and remember very short and simple instructions," she has no limitations in her ability to "understand and remember detailed instructions." AR 704. With respect to "Sustained Concentration & Persistence," Plaintiff again is slightly limited in her ability to "carry out very short and simple instructions," yet she has no limitations in her "ability to carry out detailed instructions." AR 704. Therapist Acton fails to explain her reasoning as to why Plaintiff has some trouble remembering and doing simple things, but she has no trouble remembering and doing detailed things.

Likewise, Therapist Acton provides no basis for her opinion. As mentioned above, there are no clinical findings or psychological testing underlying Therapist Acton's opinion. Therapist Acton's report does not include any mental status examinations, personal observations, clinical findings, nor is there anything to indicate that Therapist Acton even interviewed Plaintiff. Given Therapist Acton's internally inconsistent and unsupported findings, her opinion cannot be considered substantial evidence. *See Morgan v. Commissioner of Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999) (medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

Plaintiff is entitled to reversal based on the ALJ's errors identified above.

**B.     Plaintiff's Remaining Argument**

Plaintiff also argues that the ALJ's erroneous RFC necessarily renders his Step Five determination in error. Here, the ALJ's failure to properly evaluate the medical evidence directly informed the ALJ's RFC, the hypotheticals posed to the VE, and the ALJ's ultimate conclusion that Plaintiff was not disabled. *See Tommasetti v. Astrue*, 533 F.3d 1038, 1039 (9th Cir. 2008); *see also*

*Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (defining harmless error as such error that is "inconsequential to the ultimate nondisability determination"). The Court therefore agrees with Plaintiff that remand is also warranted on the ALJ's Step Five findings.

### C. Remand is Required

Given the above errors, Plaintiff argues that this case should be remanded "for further administrative proceedings including a *de novo* hearing and decision." (Doc. 15 at 16). The Court agrees that a remand for further proceedings is warranted rather than a remand for benefits because of the outstanding issues that must be resolved before a final determination can be made.[2]

This is particularly so because, after reviewing the record, the Court has some doubts that the Plaintiff is disabled. As the ALJ referenced in passing, there appears to be some evidence that Plaintiff is stable on her medications. AR 31. Plaintiff became pregnant shortly after filing her application for benefits. On April 29, 2013, Plaintiff was instructed to stop taking her psychiatric medications due to the risk of birth defects. AR 365. Plaintiff continued to abstain from her psychiatric medications while she was breastfeeding. AR 898. Based on this evidence, Plaintiff was likely unmedicated between April 29, 2013 and April 29, 2014. This could account for Plaintiff's inconsistent symptomatology as Therapist Acton's more mild mental capacity assessment occurred before Plaintiff's unmedicated period and the examination by Dr. Barnett and the reviews by Drs. Funkenstein and Amado occurred during Plaintiff's unmedicated period.

Notwithstanding the above, the Court is unable sustain the ALJ's RFC finding that Plaintiff is able to perform simple, routine tasks, with occasional interaction with supervisors, coworkers, and the public given the lack of substantial evidence supporting that finding. AR 27. As such, further administrative proceedings would serve a useful purpose. On remand, the ALJ shall further develop the record and devise an RFC that is supported by medical opinions. Once this a new RFC is devised, the ALJ shall obtain the testimony of a VE (if needed) and determine what jobs, if any,

---

[2] The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 593-96 (9th Cir. 2004).

Plaintiff is able to perform.

**V.   CONCLUSION**

Based on the foregoing, this matter is HEREBY REVERSED and the case REMANDED to the ALJ for further proceedings consistent with this decision.  The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff Michelle Farnsworth, and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **September 24, 2018**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE