**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE FARNSWORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:17-cv-0653-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>(Doc. No. 26) |

**I.    INTRODUCTION**

Plaintiff Michelle Farnsworth commenced this social security action on May 10, 2017. (Doc. No. 1.) On September 25, 2018, the Court reversed the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for supplemental security income, remanded this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for Plaintiff. (Doc. Nos. 24, 25.)

Presently pending before the Court is Plaintiff's motion for attorneys' fees in the amount of $8,662.18 and expenses in the amount of $17.67 pursuant to the Equal Access to Justice Act (the "EAJA"). (Doc. No. 26.) The Commissioner filed a statement of non-opposition to the motion pursuant to Local Rule 230(c). (Doc. No. 28.) After carefully considering the parties' briefing, the Court's record, and the applicable law, Plaintiff's motion for fees and expenses pursuant to the EAJA is GRANTED.

## II. DISCUSSION

### A. Legal Standard

The EAJA provides, in relevant part:

(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C) The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

### B. Analysis

Here, Plaintiff is the prevailing party because the Court remanded the matter for further administrative proceedings. *Gutierrez v. Barnhart,* 274 F.3d 1255, 1257 ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJE if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.") Plaintiff's application for EAJA fees is timely because it was filed within thirty days of the Court entering final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal). Moreover, based upon the record, the Court finds that

the Commissioner's position was not substantially justified. *See Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir.1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); *Sampson v. Chater,* 103 F.3d 918, 921–22 (9th Cir.1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability); *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir.2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'") (citations omitted). The Court further finds that there are no special circumstances that would make an award of fees unjust and Plaintiff is therefore entitled to an award of fees pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

The EAJA directs the Court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the Court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154, 163 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). With respect to the reasonableness of the hourly rate, the EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on the Court's website. *See Thangaraja,* 428 F.3d at 876-77; http://www.ca9.uscourts.gov.

Plaintiff's requested rates for attorney time—$196.79 for 2017 and $200.78 for 2018—are within the maximum hourly rates for EAJA fees published on the Ninth Circuit's website. See 28 U.S.C. § 2412(d)(2)(A); *Thangaraja,* 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6. Plaintiff further requests paralegal time at a rate of $125.00 per hour and expenses in the amount of $17.67, representing postage costs incurred in effecting service of process. *See Richlin Sec. Serv. v. Chertoff,* 553 U.S. 571, 578-579

(paralegal fees may be awarded under EAJA at prevailing market rates); *Int'l Woodworkers of America v. Donavan*, 792 F.2d 762, 767 (9th Cir. 1985) (expenses routinely billed to client such as postage costs are recoverable under the EAJA). The Court finds the requested rates to be reasonable in light of the kind and quality of services furnished, as well as the lack of opposition by Defendant.

As to the number of hours expended, Plaintiff seeks an award compensating for 38.9 hours of attorney time and 7.9 hours of paralegal time. The Court finds the number of hours expended to be reasonable, especially when compared to the time devoted to similar tasks by counsel in similar social security appeals coming before this Court. *See Parks v. Berryhill,* No. 1:15-cv-01603-BAM, 2017 WL 5619685, at *2 (E.D. Cal. Oct. 16, 2017) (finding 29.55 hours to be a reasonable amount of time); *Stamper v. Colvin*, No. 2:12–cv–0192 AC, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); *Boulanger v. Astrue*, No. CIV S–07–0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09–cv–03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply *de facto* caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. Having reviewed the itemization of attorney and paralegal hours spent, the Court finds that the requested amount of fees is consistent with the result obtained.

Finally, Plaintiff requests that the fee award be awarded directly to Plaintiff's counsel. An attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Subsequent to the decision in *Ratliff*, some courts have ordered payment of

the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, 2011 WL 976484, at *2–3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Accordingly, the Court will incorporate such a provision in this order.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (Doc. No. 26) is **GRANTED**.

2. Plaintiff is awarded fees and expenses in the total amount of $8,679.85, representing attorneys' fees in the amount of $8,662.18 and expenses in the amount of $17.67, pursuant to the EAJA.

3. The Commissioner shall determine whether Plaintiff's EAJA fees and expenses are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees and expenses are not subject to an offset, shall honor Plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to Plaintiff's counsel pursuant to the assignment executed by Plaintiff.

IT IS SO ORDERED.

Dated: **February 25, 2019**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE